# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 12, 2014

## STATE OF TENNESSEE v. GARY BRIAN BERRY

**Appeal from the Circuit Court for Hickman County**
**Nos. 12-5068CR, 12-5135CRA    Timothy L. Easter, Judge**

---

**No. M2014-00043-CCA-R3-CD - Filed September 8, 2014**

---

The defendant, Gary Brian Berry, appeals his Hickman County Circuit Court guilty-pleaded convictions of manufacturing methamphetamine, possession of methamphetamine with the intent to sell, and four counts of promoting the manufacture of methamphetamine, claiming that the 12-year sentence imposed by the trial court is excessive. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Richard Boehms, Duck River, Tennessee, for the appellant, Gary Brian Berry.

Robert E. Cooper, Jr., Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Kim R. Helper, District Attorney General; and Sean Duddy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant entered pleas of guilty in case number 12-5068CR to four counts of promoting the manufacture of methamphetamine, a Class D felony, and in case number 12-5135CRA to one count of manufacturing .5 grams or more of methamphetamine, a Class B felony, and one count of possession with intent to sell .5 grams or more of methamphetamine, also a Class B felony. The State agreed that the sentences imposed for each of the defendant's convictions in both cases should be served concurrently. The State also agreed to dismiss the remaining charges in each of the indictments and to dismiss the charges against the defendant contained in the indictment in case number 12-5067CRB.

At the guilty plea submission hearing, the prosecutor recited the following statement of facts for case number 12-5068CR:

> Your Honor, had this case proceeded to trial the State would show that on the 26th day of October 2011, agents with the . . . Drug Task Force did conduct an interview with the defendant while he was in custody in Hickman County Jail with regard to purchases of Sudafedrin [sic] that they had determined the defendant had been making. The agents did activate a digital recorder to record this interview. . . . Agent Jones asked the defendant if the Sudafedrin [sic] pills and other components used to manufacture Methamphetamine were for himself or if he was buying them for someone else. The defendant stated they were for someone else and that he could sell a box of Sudafedrin [sic] for $50 a box. . . . He could not recall, but he had begun buying these about two – two and a half years prior to this interview due to a developing Methamphetamine habit, and that on occasions instead of receiving money for the Sudafedrin [sic] boxes, he would actually . . . receive back a quantity of Mehtamphetamine. . . .
>
> . . . .
>
> . . . . Defendant did answer that the pills were delivered back to here in Hickman County to be used for the production of Methamphetamine.
>
> That would amount to the State's proof along with signature log showing that the defendant had, indeed, purchased the Sudafedrin [sic] on the dates contained in the indictment.

The prosecutor recited the following statement of facts for case number 12-5135CRA:

> Your Honor, had this case proceeded to trial the State would show that on the 3rd day of March 2012, . . . Deputy Nordan with the Hickman County Sheriff's Department, had gone to the residence of 1694 . . . Highway 100 located here in Centerville, Hickman County, Tennessee, to serve a warrant on an individual . . . other than the defendant . . . when Deputy Nordan

approached the door of that residence he immediately detected an odor he knew to be consistent with the manufacture of Methamphetamine. On knocking on the door the defendant . . . did open the door. At that point due to the exigent danger associated with the process for manufacture of Methamphetamine, Deputy Nordan did ask the . . . defendant to step out, did detain the defendant at that point. . . . There was a conversation with the defendant with regard to consent to a search of the residence, that consent was granted.

Prior to entering into the residence, Agent Ashmore . . . did have a conversation with the defendant with regard to what he might find in the residence. . . . The defendant told Agent Ashmore that it was a one bottle cook and that all the items were in the bathroom. He said he only cook[ed] with one 15-count box of Sudafedrin [sic].

. . . At that point the defendant did state that he had a knife and Deputy Nordan ask[ed] if he could remove the knife from his pocket. Removing that knife from his pocket he did retrieve . . . a plastic bag of a white substance which was later determined to be Methamphetamine.

. . . .

. . . . Agent Ashmore did make entry into the residence . . . and did discover the following evidence inside the bathroom, a gas generator in the bathtub, Coleman fuel, a partial cold pack of ammonium nitrate, a 2-liter cook vessel, 32-ounce of liquid lightening, Roman drain cleaner, battery containing trash which involves strip lithium batteries and an empty Sudafedrin [sic] box, measuring glass, filter cups, coffee filters, pliers. Agent Ashmore also discovered digital scales, meth pipe, aluminum foil, Zip lock bags.

. . . . [T]he defendant stated that he was behind in his bills and his plan was to sell the Methamphetamine for the purpose of getting caught up on his bills.

At the sentencing hearing, neither party presented any proof, and both indicated

-3-

an intent to rely on the findings in the presentence report. That report established that the 42-year-old defendant had at least 15 prior convictions, most of them misdemeanors and many for driving-related offenses. Notably, the defendant had two felony convictions and five convictions that involved the possession of drugs. The defendant also had two probation violations.

In arriving at the 12-year effective sentence, the trial court applied enhancement factors for the defendant's previous criminal history and for his being on probation at the time of some of the offenses. The court imposed a sentence of four years for each of the defendant's convictions of promoting the manufacture of methamphetamine, a sentence of 12 years for the defendant's conviction of manufacturing .5 grams or more of methamphetamine, and a sentence of 12 years for the defendant's conviction of possession of .5 grams or more of methamphetamine with the intent to sell. The court determined that the 12-year sentence rendered the defendant ineligible for probation. The court observed that a community corrections sentence would be appropriate if the defendant had "an alcohol or drug abuse problem that could be substantiated." The court concluded, however, that because the only evidence of the defendant's claimed drug addiction was his own self-serving statement contained in the presentence report, the court would "put[] very little weight" on the defendant's need for drug rehabilitation. The court noted that the defendant's previous probation revocations militated against imposing a sentence involving release into the community. In consequence, the trial court ordered the defendant to serve the entirety of the 12-year effective sentence in the Department of Correction.

In this timely appeal, the defendant does not challenge the imposition of a fully incarcerative sentence but argues that the 12-year sentence was "excessively lengthy" given that the defendant's conduct neither caused nor threatened serious bodily injury. We need not labor over the defendant's claim because "a trial court's misapplication of an enhancement or mitigating factor does not invalidate the sentence imposed unless the trial court wholly departed from the 1989 Act, as amended in 2005." *State v. Bise*, 380 S.W.3d 682, 706 (Tenn. 2012). Nothing in the record suggests that the trial court in this case "wholly departed from" the Sentencing Act. To the contrary, the record reflects that the trial court considered all the relevant principles associated with sentencing, including all of the enhancement and mitigating factors, when imposing the sentence in this case.

Accordingly, the judgments of the trial court are affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE